IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MI SUN CHUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: _____ |
| GEORGIA CHRISTIAN UNIVERSITY, ) | |
| INC, and DR. PAUL KIM ) | |
| ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Mi Sun Chun and files this lawsuit against Defendants Georgia Christian University, Inc. and Dr. Paul Kim (hereinafter collectively "Defendants"), and shows the following:

### Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*.

(hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

3.

This action also seeks declaratory relief and actual damages for Defendants' violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. 1589, et seq.

4.

This action also seeks damages for breach of contract and/or unjust enrichment under Georgia law.

## Jurisdiction and Venue

5.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), 18 U.S.C. § 1895(a), and 28 U.S.C. §1343(4).

6.

Defendant Georgia Christian University, Inc. is a Georgia non-profit corporation with its registered agent, Dr. Paul Kim, located at 2105 Hailston Drive, Duluth, Georgia 30097.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

7.

The unlawful practices alleged in this Complaint were committed within this

District at Plaintiff's work location: 6789 Peachtree Industrial Boulevard, Atlanta, Georgia 30360.

## **Parties**

8.

Plaintiff was a resident of the State of Georgia during the relevant time period.

9.

Defendant Georgia Christian University, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Dr. Paul Kim, located at 2105 Hailston Drive, Duluth, Georgia 30097.

10.

Defendant Dr. Paul Kim (hereinafter "Kim") may be served with process by delivering a copy of the summons and complaint to his home address at located at 2105 Hailston Drive, Duluth, Georgia 30097 or his work address at 6789 Peachtree Industrial Boulevard, Atlanta, Georgia 30360.

## **Factual Allegations**

11.

Plaintiff was an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

12.

Defendants employed the named Plaintiff during the relevant time period.

13.

Defendant Georgia Christian University, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant Kim is the CEO of Georgia Christian University, Inc.

15.

Defendant Kim has discretion over Plaintiff's compensation.

16.

Defendant Georgia Christian University, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

17.

Defendant Kim is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

18.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

19.

Plaintiff began working at Georgia Christian University as an assistant professor and Dean of Music in August 2012.

20.

Both Plaintiff and Defendant Kim are immigrants from South Korea.

21.

Plaintiff agreed to a salary of $2,500 per month or $30,000 per year.

22.

Defendant Kim agreed to sponsor Plaintiff's work visa and to "assist" Plaintiff in obtaining her permanent residency or "green card."

23.

Defendant Kim asked Plaintiff to use his attorney in obtaining the "green card" and told her that he would charge her for the attorney's services.

24.

In exchange for Defendant Kim's "assistance," Plaintiff was required to re-pay her entire salary back to Defendant Kim, including all taxes.

25.

In August 2013, Plaintiff spoke to the attorney and realized that Defendant Kim had not directed the attorney to provide any of the promised assistance with the immigration process, so she stopped paying back her salary.

26.

In response to Plaintiff's cessation of repayments, Defendants stopped paying Plaintiff altogether in September 2013.

27.

Despite the lack of any payment, Plaintiff continued to work in her position at Georgia Christian University as to not affect her immigration or residency status in the United States.

28.

Plaintiff took maternity leave in April and May 2014.  When she returned to work, Plaintiff was still not provided any remuneration for her work.

29.

In November 2014, Plaintiff told Defendant Kim that she was obtaining a "green card" though her husband and demanded that Defendants pay her salary going forward as well as reimburse her for the payments made by Plaintiff to Defendants between August 2012 and August 2013 and pay her the unpaid wages from September 2013 through October 2014.

30.

In response to Plaintiff's demand, Defendant Kim started paying Plaintiff $2,000 per month in November 2014, but did not re-pay any of the salary owed to Plaintiff dating back to August 2012.

31.

To summarize, Plaintiff was forced to immediately re-pay her gross salary back to Defendants between August 2012 and August 2013, and Plaintiff was not paid any salary or compensation from September 2013 to October 2014.

32.

Plaintiff estimates that she repaid Defendants a total of approximately $32,500 between August 2012 and August 2013 and should have been paid approximately $30,000 between September 2013 and October 2014 (subtracting out the two months of maternity leave).

33.

Plaintiff complained multiple times to Defendant Kim about paying back the wages between August 2012 and August 2013 and about not being paid at all between September 2013 and October 2014.  Defendants ignored Plaintiff's complaints.

**Count I: Violations of the Fair Labor Standards Act**

34.

Defendants are governed by and subject to the FLSA, including 29 U.S.C. § 204 and 29 U.S.C. § 206.

35.

The minimum wage provisions of the FLSA, 29 U.S.C. §201 *et seq.*, apply

to Defendants and protect Plaintiffs.

36.

Plaintiff was paid no wages at all from September 2013 until October 2014.

37.

Due to Defendants' violations of the FLSA, 29 U.S.C. §206, by failing to pay at least minimum wage between September 2013 and October 2014, Plaintiff has suffered damages.

38.

Defendants knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff any wages from September 2013 through October 2014.

39.

Between August 2012 and August 2013, Plaintiff was required to pay back her gross salary to Defendants.

40.

The approximate total amount of "kickbacks" paid by Plaintiff to Defendants is $32,500.

41.

Defendants' requirement that salary be paid back by Plaintiff to Defendants violated the "free and clear" requirement of 29 CFR §531.35.

## Count II: Violations of the Trafficking Victims Protection Reauthorization Act

42.

Defendants obtained Plaintiff's labor or services in violation of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1589.

43.

Defendants did so knowingly and willfully through threats or abuse of the law or legal process by misleading Plaintiff about providing her assistance in obtaining a "green card."

44.

As a direct and proximate result of Defendants' actions, Plaintiff sustained significant damages, including severe emotional distress and economic losses. Plaintiff is entitled to recover damages in an amount to be proven at trial, including punitive damages, economic losses, attorney's fees and costs.

## Count III: Breach of Contract

45.

Pursuant to the $2,500 per month salary agreed to by Defendants, the amount of $30,000 was owed to Plaintiff for the period of September 2013 through October 2014, minus the two months Plaintiff was on maternity leave.

46.

Defendant has not remitted any payment to Plaintiff for the period of September 2013 through October 2014.

47.

Defendant's failure to pay Plaintiff constitutes a breach of contract.  Plaintiff is entitled to recover the current amount due of $30,000.

## **Count IV: Unjust Enrichment**

48.

Plaintiff worked as an Assistant Professor and Dean of Music in return for agreed upon compensation.

49.

Defendants acknowledged, accepted, and benefited from Plaintiff's efforts.

50.

It would be inequitable or unconscionable for Defendants to enjoy the benefit of Plaintiff's actions without paying her the agreed upon salary.

51.

Defendants' requirement for Plaintiff to re-pay her gross salary between August 2012 and August 2013 and failure to pay Plaintiff any wages between September 2013 and October 2014 constitutes unjust enrichment.

52.

Plaintiff is entitled to recover the re-paid wages and the unpaid wages in the total amount of $62,500.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to FLSA § 6, 29 U.S.C. § 206, reimbursement of "kickbacks" as provided by 29 CFR § 531.35, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and all other remedies allowed under the FLSA;

(C)   Enter judgment awarding Plaintiff punitive damages, economic losses and attorney's fees as provided by 18 U.S.C. § 1595;

(D)   Enter judgment against Defendants for breach of contract in the amount of $30,000 plus interest to be calculated in accordance with O.C.G.A § 7-4-12;

(E)   Enter judgment against Defendants for unjust enrichment in the amount of $62,500 plus interest to be calculated in accordance with O.C.G.A § 7-4-12;

(F)   Grant declaratory judgment declaring that Plaintiff's rights have been violated; and

(G)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 14th day of April, 2015.

                                          **THE SHARMAN LAW FIRM LLC**

                                          <u>/s/ Paul J. Sharman</u>
                                          PAUL J. SHARMAN
                                          Georgia State Bar No. 227207

                                          The Sharman Law Firm LLC
                                          11175 Cicero Drive, Suite 100
                                          Alpharetta, GA 30022
                                          Phone: (678) 242-5297
                                          Fax: (678) 802-2129
                                          Email: paul@sharman-law.com

                                          Counsel for Plaintiff