UNITED STATES DISTRICT COURT

for the

Northern District of Georgia

MI SUN CHUN,

    Plaintiff,

v.

GEORGIA CHRISTIAN UNIVERSITY, INC.
and DR. PAUL KIM,

    Defendants.

CIVIL ACTION FILE NO.
1:15-cv-1154

JURY TRIAL DEMANDED

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

COME NOW DEFENDANTS GEORGIA CHRISTIAN UNIVERSITY, INC. and Dr. PAUL KIM, by and through undersigned counsel, and file this their Answer to Plaintiff's Complaint and shows this Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim or cause of action upon which relief can be granted pursuant to FRCP 12(b)(6) and therefore Plaintiff's Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's claims against these Defendants are barred due to her failure to verify her Complaint.

### THIRD DEFENSE

In response to the numbered allegations contained in Plaintiff's Complaint, Defendants respond as follows:

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint. Consequently, the allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint. Consequently, the allegations contained in Paragraph 2 of the Complaint are denied.

3.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint. Consequently, the allegations contained in Paragraph 3 of the Complaint are denied.

4.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. of Plaintiff's Complaint. Consequently, the allegations contained in Paragraph 4 of the Complaint are denied.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendants show that the federal code sections identified speak for themselves, but admit that the code sections deal with federal jurisdiction. .

6.

Defendants admit the first sentence of Paragraph 6 of Plaintiff's Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 6 of the Complaint. Consequently, the allegations contained in the second sentence of paragraph 6 of the Complaint are denied.

7.

Defendants deny the allegations contained in Paragraph 7 of the Complaint.

**Parties**

8.

In response to the allegations contained in Paragraph 8 of the Complaint, Defendants re-allege and incorporate be reference their responses to Paragraphs 1 through 7 of the Complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9.

Defendants admit the allegations contained in Paragraph 9 of the Complaint.

10.

Defendants admit the allegations contained in Paragraph 10 of the Complaint.

**Factual Allegations**

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint as pertains to the code section identified in parentheses, and therefore deny that portion of Paragraph 11 of the

Complaint, but Defendants admit that Plaintiff was an employee.

12.

Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint as pertains to the code section identified and therefore deny that portion of Paragraph 16 of the Complaint, but Defendants admit that Georgia Christian University, Inc. is an employer.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants show that the federal code sections identified in Paragraph 18 of the Complaint speak for themselves, but that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. Consequently, Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19.

Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27.

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants admit Plaintiff took maternity leave at some point in 2014. Defendants deny the remaining allegations in contained in Paragraph 28 of the Complaint.

29.

Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants admit Plaintiff was paid $2000. per month in November 2014. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

31.

Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants deny the allegations contained in Paragraph 33 of t he Complaint.

## Count I: Violations of the Fair Labor Standards Act

34.

In response to the allegations contained in Paragraph 34 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 through 33 of the Complaint as if fully set forth herein. Defendants show that the federal code sections identified in Paragraph 34 of the Complaint speak for themselves. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Consequently, the allegations contained in Paragraph 34 of the Complaint are denied.

35.

Defendants show that the federal code section identified in Paragraph 35 of the Complaint speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint. Consequently, the allegations contained in Paragraph 35 of the Complaint are denied.

36.

In response to the allegations contained in Paragraph 36 of the Complaint, Defendants show that Plaintiff did not work during this period of time

37.

Defendants show that the federal code section identified in Paragraph 37 of the Complaint speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41.

Defendants show that the federal code section identified in Paragraph 41 of the Complaint speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 41 of the Complaint.

## Count II: Violations of the Trafficking Victims Protection Reauthorization Act

42.

In response to the allegations contained in Paragraph 42 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 – 41 of the Complaint as if fully set forth herein.. Defendants show that the federal code section identified in Paragraph 42 of the Complaint speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## Count III: Breach of Contract

45.

In response to the allegations contained in Paragraph 45 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 – 44 of the Complaint as if fully set forth herein.. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.

In response to the allegations contained in Paragraph 46 of the Complaint, Defendants show that Plaintiff did not work from September 2013 to October 2014.

47.

Defendants deny the allegations contained in Paragraph 47 of the Complaint.

### Count IV: Unjust Enrichment

48.

In response to the allegations contained in Paragraph 48 of the Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1- 47 of the Complaint as if fully set forth herein. Defendants admit that Plaintiff worked as an Assistant Professor of Music. Defendants deny the rest of the allegations contained in Paragraph 48 of the Complaint.

49.

Defendants object to the wording of Paragraph 49 of the Complaint, Consequently, Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint..

### Prayer for Relief

In response to the allegations contained in Plaintiff's Prayer for Relief, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 – 51 of the Complaint as if fully set forth herein. Defendants deny Paragraphs (A) through (G) of the Prayer for Relief of Plaintiffs' Complaint.

This the 3rd day of June, 2015.


          Respectfully Submitted,

          /s/
          Richard S. Jaffe
          Georgia Bar No. 388751
          Attorney for Defendants

Richard S. Jaffe, LLC
Attorney at Law
9580 Hillside Drive
Roswell, Georgia 30076
(770) 335-7898 phone
(678) 638-0114 fax
rsjaffepclaw@gmail.com

## CERTIFICATE OF SERVICE

I certify that on June 3, 2015, I will electronically file Defendants' Answer with the Clerk of Court using the CM/ECF system. I will serve the foregoing on the following persons via email an first class postage.

          Paul J. Sharman
          The Sharman Law Firm, LLC
          11175 Cicero Drive
          Suite 100
          Alpharetta, Georgia 30022

          By: /s/
          Richard S. Jaffe
          Georgia Bar No. 388751
          Attorney for Defendants