IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MI SUN CHUN,

    Plaintiff,

v.

GEORGIA CHRISTIAN UNIVERSITY
INC. and DR. PAUL KIM,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-1154-AT

JURY TRIAL DEMANDED

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COME NOW DEFENDANTS GEORGIA CHRISTIAN UNIVERSITY, INC. and DR. PAUL KIM, by and through undersigned counsel, and file this their Answer to Plaintiff's First Amended Complaint and shows this Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim or cause of action upon which relief can be granted pursuant to FRCP 12(b)(6) and therefore Plaintiff's First Amended Complaint should be dismissed.

### SECOND DEFENSE

Plaintiff's claims against these Defendants are barred due to Plaintiff's failure to verify her First Amended Complaint.

## THIRD DEFENSE

In response to the numbered allegations contained in Plaintiff's First Amended Complaint, Defendants respond as follows:

1.

Denied.

2.

Denied.

3.

Denied.

4.

Denied.

5.

Denied.

6.

Admitted as to the first sentence of Paragraph 6. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second paragraph of Paragraph 6 of the Amended Complaint. Consequently, the allegations contained in the second sentence of Paragraph 6 are denied.

7.

Denied.

## Parties

8.

In response to the allegations contained in Paragraph 8 of the Amended Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 7 of the Amended Complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.

Admitted.

10.

Admitted.

## Factual Allegations

11.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint as pertains to the code section identified in parentheses, and therefore deny that portion of Paragraph 11 but Defendants admit that Plaintiff was an employee during the relevant period of time

identified in the Amended Complaint.

12.

Admitted.

13.

Admitted.

14.

Admitted.

15.

Denied.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 as pertains to the code section identified and therefore deny that portion of Paragraph 16, but Defendants admit that Georgia Christian University, Inc. is an employer.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 as pertains to the code section identified and therefore deny Paragraph 17.

18.

Defendants show that the federal code sections identified in Paragraph 18 speak for themselves, but that Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18, therefore Defendants deny the allegations contained in Paragraph 18.

19.

Defendants deny the allegations contained in Paragraph 19 as worded. Defendants further answer that Plaintiff's position was that of assistant professor and Acting Dean of Music.

20.

Admitted.

21.

Admitted.

22.

Denied.

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Denied.

28.

Defendants admit the first sentence of Paragraph 28. Defendants deny the second sentence of Paragraph 28 of the Amended Complaint.

29.

Denied.

30.

Defendants deny the first phrase of Paragraph 30 as worded. Defendants admit Plaintiff was paid $2000.00 in November of 2014. Defendants deny the second phrase of Paragraph 30.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Defendants admit that Plaintiff received the letter identified in Paragraph 34, however Defendants further answer that said letter was sent in error, said letter has been recinded, Plaintiff has been re-instated in her position and has been offered continued full time employment.

### Count I: Violations of the Fair Labor Standards Act

35.

In response to the allegations contained in Paragraph 35 of the Amended Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 34 of the Amended Complaint as if fully set forth herein. Defendants show that the federal code sections identified in Paragraph 35 of the Amended Complaint speak for themselves. Defendants are without knowledge of information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35, therefore, the allegations contained in Paragraph 35 are denied.

36.

Defendants show that the federal code section identified in Paragraph 36 speaks for itself. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in

Paragraph 36, therefore the allegations contained in Paragraph 36 are denied.

37.

In response to the allegation contained in Paragraph 37, Defendants deny the allegation. Defendants further show that Plaintiff was issued checks for the months of September, October and November of 2013. Defendants further respond to the allegation contained in Paragraph 37 by showing that Plaintiff did not work a full time schedule as required by her employment agreement for the months of January, February and March of 2014. Defendants further answer that Plaintiff took unpaid maternity leave in April and May of 2014. Defendants further answer that Plaintiff did not show up at all for work during the months of June, July, August and most of September 2014.

38.

Defendants show that the federal code section identified in Paragraph 38 speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 38 of the Amended Complaint.

39.

Denied.

40.

Denied.

41.

Denied.

42.

Defendants show that the federal code section identified in Paragraph 42 speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 42 of the Amended Complaint.

## Count II: Violations of the Trafficking Victims Protection Reauthorization Act

43.

In response to the allegations contained in Paragraph 43 of the Amended Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 42 of the Amended Complaint as if fully set forth herein. Defendants show that the federal code section identified in Paragraph 43 speaks for itself. Defendants deny the rest of the allegations contained in Paragraph 43 of the Amended Complaint.

44.

Denied.

45.

Denied.

## Count III: Breach of Contract

46.

In response to the allegations contained in Paragraph 46 of the Amended Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 45 of the Amended Complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 46 of the Amended Complaint.

47.

Denied.

48.

Denied.

## Count IV: Unjust Enrichment

49.

In response to the allegations contained in Paragraph 49 of the Amended Complaint, Defendants re-allege and incorporate their responses to Paragraphs 1 - 48 of the Amended Complaint as if fully set forth herein. Defendants deny the allegation contained in paragraph 49 as worded. Defendants further answer that Plaintiff's position during the relevant time period was assistant professor and Acting Dean of Music.

50.

Defendants object to the wording of the allegation contained in Paragraph 50, therefore Defendants deny the allegation contained in Paragraph 50 of the Amended Complaint.

51.

Denied.

52.

Denied.

53.

Denied.

**Count V: Retaliation in Violation of the Fair Labor Standards Act**

54.

In response to the allegations contained in Paragraph 54 of the Amended Complaint, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 53 of the Amended Complaint as if fully set forth herein. Defendants deny the allegations contained in Paragraph 54 of the Amended Complaint.

55.

Defendants show that the federal code section identified in Paragraph 55 speaks for itself.

56.

Defendants show that Plaintiff's Complaint filed April 14, 2015 speaks for itself.

57.

Denied. Defendants further answer that the letter dated May 26, 2015 referenced in Paragraph 57 was sent in error, has been rescinded, and Plaintiff has been re-instated to her position at GCU.

58.

Defendants show that the federal code section identified in Paragraph 58 of the Amended Complaint speaks for itself.

59.

Defendants show that the federal code section identified in Paragraph 59 of the Amended Complaint speaks for itself. Defendants further answer by denying the allegations contained in Paragraph 59 of the Amended Complaint.

## Prayer for Relief

In response to the allegations contained in Plaintiff's Prayer for relief, Defendants re-allege and incorporate by reference their responses to Paragraphs 1 - 59 of the Amended Complaint as if fully set forth herein.

Defendants deny Paragraphs (A) through (H) of the Prayer for Relief in Plaintiff's Amended Complaint.

## COUNTERCLAIM

COME NOW DEFENDANTS GEORGIA CHRISTIAN UNIVERSITY, INC. (hereinafter "GSU") and DR. PAUL KIM, by and through undersigned counsel, and file this Counterclaim against Plaintiff and show this Court as follows:

### Count I: Breach of Contract

1.

Plaintiff entered into an employment agreement with GCU in August of 2012.

2.

Plaintiff's position with GCU was that of assistant professor and Acting Dean of Music.

3.

The employment agreement with GCU required Plaintiff to work a full time 40 hour per week schedule teaching the assigned course work and performing office and administrative duties.

4.

The agreed upon salary for this full time teaching position was

$2,500.00/month, or $30,000.00 annually.

5.

Beginning in September 2013, Plaintiff unilaterally reduced her work hours to less than the required 40 hours per week in violation of the employment agreement with GCU.

6.

Beginning in September 2013 and continuing through March of 2014, Plaintiff unilaterally reduced her work hours to less than the required 40 hours per week, and failed to perform the required office and administrative duties in violation of the employment agreement with GCU.

7.

During the summer break period from June 2014 through August 2014, Plaintiff failed to maintain the required normal office hours so as to work a 40 hour week.

8.

During the summer break period from June 2014 through August 2014, Plaintiff failed to show up at all for work.

10.

In August of 2014, Plaintiff took an approximately three (3) week trip to South Korea, and then continued to vacation in Bali.

11.

Plaintiff did not return to work until the end of September 2014, and then only part time, in violation of her employment agreement with GCU.

## Count II: Defamation - Slander per se

12.

O.C.G.A. 51-5-4 (a) provides in pertinent part: Slander or oral defamation consists in: (3) Making charges against another in reference to his trade, office or profession, calculated to injure him therein.

13.

O.C.G.A. 51-5-4 (b) states in relevant part: in the situations described in paragraph[(3)] of subsection (a) of this code section, damage is inferred.

14.

Upon information and belief, Plaintiff has made and/or published unprivileged oral defamatory statements to third parties regarding Defendants' trade, office or profession.

15.

Specifically, the unprivileged oral defamatory statements made by plaintiff include (1) charges that Defendants required "kick backs" of Plaintiff's salary in exchange for helping Plaintiff to obtain a "green card"

for permanent resident status in the United States, in violation of federal law, (2) that Defendants failed to pay Plaintiff at all from September 2013 to October 2014, in violation of federal law, and (3) that Defendants threatened Plaintiff with legal action or knowingly mislead Plaintiff into working for Defendants with promises of obtaining a "green card" for Plaintiff, in violation of federal law.

16.

As a direct and proximate result of Plaintiff's unprivileged defamatory oral statements published to third parties, Defendants have suffered damage and that damage is inferred by Georgia law.

### Prayer for Relief

WHEREFORE, Defendants respectfully request that this Court:

(A) Dismiss Plaintiff's Amended Complaint in its entirety;

(B) Enter judgment for Defendants awarding all court costs and reasonable attorney's fees incurred in having to defend this action;

( C ) Enter judgment for Defendants on their Breach of Contract counterclaim with an award of damages to be determined at trial in the enlightened conscience of the jury;

(D) Enter judgment for Defendants on their Defamation Slander Per Se counterclaim, with an award of damages inferred by Georgia law to be determined at trial.

(E) Award Defendants such other and further relief as may be just proper.

Respectfully submitted this 6th day of August, 2015.

/s/
Richard S. Jaffe
Georgia Bar No. 388751
Attorney for Defendants

Richard S. Jaffe, LLC
9580 Hillside Drive
Roswell, Georgia 30076
(770) 335-7898 phone
(678) 638-0114 fax
Email: rsjaffepclaw@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MI SUN CHUN,

    Plaintiff,

v.

GEORGIA CHRISTIAN UNIVERSITY,
INC, and DR. PAUL KIM,

    Defendants.

CIVIL ACTION FILE
NO.: 1:15-CV-1154-AT

JURY TRIAL DEMANDED

## CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that on August 6th, 2015, the undersigned prepared the foregoing document with one of the font and point selections approved by the court in Local Rule 5.1(c) and electronically filed this with the Clerk of Court using the CM/ECF system. A copy was also sent via U.S. Mail to:

Paul J. Sharman
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022

/s/ Richard S. Jaffe
Richard S. Jaffe, LLC
Georgia Bar No. 388751
9580 Hillside Drive
Roswell, GA 30076
(770) 335-7898 phone
(678) 638-0114 fax
Rsjaffepclaw@gmail.com