IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MI SUN CHUN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:15-cv-1154-AT |
| GEORGIA CHRISTIAN UNIVERSITY, | ) | |
| INC, and DR. PAUL KIM | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## MOTION TO DISMISS COUNTERCLAIMS AND MOTION FOR ATTORNEY FEES UNDER O.C.G.A. § 13-6-11

COMES NOW Plaintiff, MI SUN CHUN, and, pursuant to Fed.R.Civ.P. 12(b)(6), moves to dismiss the Counterclaims filed by Defendants, and also seeks an award of attorney fees under O.C.G.A. § 13-6-11.

### I. INTRODUCTION

Defendants' Counterclaims against Plaintiff are not only legally insufficient, but are wholly improper. Notwithstanding Defendants' failure to allege damages, their Counterclaim for breach of contract fails because, absent an express agreement, Georgia law does not hold at-will employees like Plaintiff liable to their employers in contract for lack of (or poor) performance. Defendants' Counterclaim for slander per se likewise fails due to their inability to allege factually (let alone with any particularity) the requisite publication element of such

1

cause of action. Consequently, this Court should dismiss Defendants' Counterclaims and, due to their stubborn, litigious, and frivolous allegations, award Plaintiff attorney fees under O.C.G.A. § 13-6-11.

## II. ALLEGATIONS IN DEFENDANTS' COUNTERCLAIMS[1]

In Count I, Defendants allege that Plaintiff, a salaried Assistant Dean of Georgia Christian University ("GCU"), breached her employment agreement with GCU at various times by failing to work a full 40 hours per week, unilaterally reducing her work hours without permission, failing to maintain "the required normal office hours so as to work a 40 hour week," and taking an extended vacation. (Doc. 14, at Counterclaim, ¶¶ 5-8, 10, 11.) Although Defendants do not allege that they suffered any damages, they ask for an award of damages in their prayer for relief. (*Id.*, p. 16.)

In Count II, Defendants allege that Plaintiff violated O.C.G.A. § 51-5-4(b) by making and/or publishing "unprivileged oral defamatory statements to third parties regarding Defendants' trade, office or profession." (*Id.*, ¶ 14.) Quoting almost verbatim from the allegations in Plaintiff's First Amended Complaint, Defendants allege that

> the unprivileged oral defamatory statements made by plaintiff include (1) charges that Defendants required "kick backs" of plaintiffs salary in exchange for helping Plaintiff to obtain a "green card" for

---

[1] Solely for the purposes of this Motion, Plaintiff accepts the allegations in Defendants' Counterclaims as true.

2

permanent resident status in the United States, in violation of federal law, (2) that Defendants failed to pay Plaintiff at all from September 2013 to October 2014,in violation of federal law, and (3) that Defendants threatened plaintiff with legal action or knowingly mislead Plaintiff into working for Defendants with promises of obtaining a "green card" for Plaintiff, in violation of federal law.

(*Id.*, ¶ 15.) Defendants allege that "[a]s a direct and proximate result of Plaintiff's unprivileged defamatory oral statements published to third parties, Defendants have suffered damage and that damage is inferred by Georgia law." (*Id.*, ¶ 16.)

### III. ARGUMENT

To survive a motion to dismiss, Defendants' Counterclaims must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when [the party] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. As set forth below, Defendants' Counterclaims do not satisfy the *Iqbal/Twombly* standard.

    **A.    Defendants Do Not (and Cannot) State a Claim for Breach of Contract.**

The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. *Odem v. Pace Academy*, 235 Ga. App. 648, 653 (510 S.E.2d 326) (1998). The Georgia Supreme Court has held that the breach must be

more than *de minimus* and substantial compliance with the terms of the contract is all that the law requires. *Dennard v. Freeport Minerals Co*., 250 Ga. 330, 332 (297 S.E.2d 222) (1982).

Defendants do not allege any facts (let alone with the requisite specificity) to satisfy these elements. First, Defendants do not allege that Plaintiff breached an express provision of any contract with GCU. Defendants' allegations, at best, support a breach of the implied covenant of good faith on the part of Plaintiff. But Georgia law does not recognize a claim for breach of implied covenant of good faith. *Alan's of Atlanta, Inc. v. Minolta Corp.,* 903 F.2d 1414, 1429 (11th Cir. 1990); *accord Cone Fin. Group, Inc. v. Emplrs Ins. Co.,* 476 Fed. Appx. 834, 836 (11th Cir. 2012) ("Cone's complaint does not allege Wausau breached an express term of the insurance contact but instead relies on the breach of the implied duty of good faith. This is not a proper ground for a breach of contract claim under Georgia law."); *Onbrand Media v. Codex Consulting, Inc.,* 301 Ga. App. 141, 687 S.E.2d 168, 174 (2009) (stating that implied covenant of good faith does not provide independent basis of liability) (citations omitted). Nor does Georgia law recognize a cause of action for breach of loyalty by an employee absent self-dealing or violations of a restrictive covenant, allegations which were not made and do not exist here. *See Tom's Amusement Co. v. Total Vending Servs*., 243 Ga. App. 294, 295-296 (533 S.E.2d 413) (Ct. App. 2000)

> [An] employee owes a duty of loyalty, faithful service and regard for an employer's interest. Thus, before the end of his employment, no employee may solicit customers for a rival business nor otherwise directly compete with his employer's business. Nor may he misrepresent his employer's financial status to persuade customers to change to the rival business. To induce a breach of these duties is improper.

(footnotes, quotations, and punctuation marks omitted).

Second, Defendants make no allegations that they suffered any damages. To the extent that Defendants implicitly made such allegation via their prayer for relief, they still fail to describe with any particularity the nature or extent of any such purported damages. The speculative nature of their allegations is legally insufficient to authorize any recovery. *See East Side Lumber & Coal Co. v. Barfield,* 195 Ga. 505, 507-508, 24 S.E.2d 681, 682 (1943)

> The reference to rent in paragraph 38 does not show damage sustained by the plaintiff; … and there is no allegation in the petition showing how or in what manner the defendant is responsible for the plaintiff's having to pay the rent. The allegations are thus insufficient to authorize a recovery of any special damages. There is no prayer for general damages. The plaintiff would not be entitled to recover nominal damages.

(citations omitted); *Barwick v. American Manufacturing Co*., 30 Ga. App. 761, 763, 119 S.E. 218, 219 (1923)("[S]ince it does not appear that the plaintiff suffered any damage, the demurrer to the petition was properly sustained.").

In any event, Georgia law does not bestow upon employers the right to seek monetary damages solely based on the alleged lack of performance of an

employee. To do so would allow the employer to circumvent Department of Labor regulations governing permissible wage deductions, and effectively would permit employers to reduce an employee's compensation based on the quality or quantity of the work performed. *See* 29 U.S.C. §§ 203(m), 206(a), 207(a), 213(a)(1), 215(a); 29 C.F.R. §§ 531.35, 541.118, 541.602(a), 541.604(a). In other words, to allow Defendants the right to recover a money judgment based upon an employee's alleged lack of performance would be permitting them to do indirectly and retroactively that which the DOL regulations specifically prohibit them from doing directly. *Accord Nowicki v. Toll Bros., Inc.*, 2012 U.S. Dist. LEXIS 887 (E.D.N.Y. Jan. 4, 2012) (defendants' contract claim based on former employee's poor work performance was an attempted wage deduction prohibited by law); *Cohen v. Stephen Wise Free Synagogogue*, 1996 U.S. Dist. LEXIS 4240 (S.D.N.Y. April 4, 1996) (dismissing counterclaim that alleged that plaintiff's poor work performance constituted breach of contract); *In re Peterson*, 296 B.R. 766, 781 (C.D. Ill. 2003) ("[i]f the [medical group] believed that the [employee] was not performing her job, its remedy would have been to discipline her or to terminate her employment …."); *Fried v. Aftec, Inc.*, 246 N.J. Super. 245, 587 A.2d 290 (1991) (absent a special agreement, employee's poor performance does not confer claim on employer for breach of contract; employer's remedy is to terminate employee); *Senescu v. Pape & Sons Constr., Inc.,* No. 22585-9-II, 2000 Wash.

App. LEXIS 437, at *1 (Mar. 17, 2000) (rejecting that employer has cause of action against employee to recover lost profits caused by employee's poor performance); Restatement (Second) of Agency § 379(1) (1958) ("[A] contract for commercial employment requires nothing more than reasonable diligence ('standard care') on behalf of the employee to perform its terms."). *Cf. also* Wage & Hour op. letter No. 90-42NR (Mar. 29, 1991) ("Disciplinary deductions made from the salary of a [nurse] for violating rules relating to patient well-being and job performance are not the type of deductions that would be permitted by [ 29 C.F.R. § 541.118(a)(5)].")

As the foregoing shows, Defendants' Counterclaim for breach of contract is an improper attempt to bootstrap an affirmative defense to Plaintiff's FLSA and breach of contract claims into a separate cause of action. The Counterclaim should be dismissed with prejudice.

### B. Defendants' Counterclaim for Slander Per Se Is Legally Insufficient.

Slander actions require that the purported remarks or writings be published. *See Walter v. Davidson,* 104 S.E.2d 113, 115 (Ga. 1958) ("Publication is indispensable to recovery for slander.") (citation omitted); O.C.G.A. § 51-5-1(b) ("The publication of the libelous matter is essential to recovery."). Defendants' conclusory allegations of publication do not suffice the *Iqbal/Twombly* standard.

Defendants' second Counterclaim is merely an attempt to convert Plaintiff's

privileged allegations in her First Amended Complaint into a separate cause of action. This is legally improper under Georgia law. *See* O.C.G.A. § 51-5-8 ("All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious such charges, allegations, and averments may be, they shall not be deemed libelous."); *Dixie Broadcasting Corp. v. Rivers*, 209 Ga. 98 (70 SE2d 734) (1952) (allegations made in pleadings, which are relevant to relief sought, are, without exception, absolutely privileged); *accord Stewart v. Walton*, 254 Ga. 81, 326 S.E.2d 738 (Ga. 1985).

Even if Defendants intended to base their second Counterclaim on oral statements that Plaintiff purportedly made to third persons, they would need to specify with particularity to whom <u>outside</u> GCU she allegedly made such statements. The reason is that any statements made by Plaintiff to her supervisor or other members of GCU management were not "publications" either. Indeed, there is no publication where, as here, the communications are made only to those whose responsibility it would be to be cognizant of such facts. *Land v. Delta Airlines*, 250 S.E.2d 188, 189 (Ga. Ct. App. 1978) (citation omitted). *See also Fox v. Southern Ry. Co.,* 764 F. Supp. 644, 647, 649-50 (N.D. Ga. 1991) (denying motion to amend complaint to assert libel claim that arose out of investigation of

allegations against plaintiff); *Walter v. Davidson,* 214 Ga. 187, 190, 104 S.E.2d 113, 115 (1958) (noting that "an accusation by an officer of a corporation dictated to his stenographer and addressed to another officer of that corporation against a third person is not slander because it is not published") (citations omitted); *Madden-Lee v. Day's Inns of Am.,* 361 S.E.2d 714, 716 (Ga. Ct. App. 1987) ("Statements made to supervisors whose job responsibility requires them to be knowledgeable about job performance are not considered to be published.") (citations omitted); *cf. Miller v. Norfolk & Western Ry. Co.*, 917 F.2d 24 (6th Cir. 1990) (affirming dismissal of defamation claim based on statements made by employer's officers and supervisors that plaintiff had been involved in a theft and fraud scheme).[2]

### C. Defendants Should Pay Plaintiff Attorney's Fees under O.C.G.A. § 13-6-11.

O.C.G.A. § 13-6-11 allows recovery of litigation expenses when defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. A recovery for stubborn litigiousness or causing unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defending party's liability. *Kemira, Inc. v. Williams Investigative & Sec. Svcs.*, 215 Ga. App. 194, 200 (3) (450 S.E.2d 427) (1994).

---

[2] Defendants' counsel, under Fed. R. Civ. P. 11, would need to ensure before making such allegation that grounds for such claim existed.

The frivolous nature of Defendants' Counterclaims merits not only dismissal, but an award of fees to Plaintiff under O.C.G.A. § 13-6-11.

## IV. CONCLUSION

For the foregoing reasons, this Court should dismiss Defendants' Counterclaims with prejudice and award Plaintiff reasonable attorney's fees under O.C.G.A. § 13-6-11.

Respectfully submitted this 7th day of August, 2015.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MI SUN CHUN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO.: 1:15-cv-1154-AT |
| GEORGIA CHRISTIAN UNIVERSITY, ) | |
| INC, and DR. PAUL KIM ) | |
| ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE AND COMPLIANCE**

I hereby certify that on August 7, 2015, the undersigned prepared the foregoing document with one of the font and point selections approved by the court in Local Rule 5.1(c) and electronically filed this with the Clerk of Court using the CM/ECF system which will notify all counsel of record.

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207
The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiff